ALDEN L. SIMKINS, Plaintiff, *v.* ELMHURST CONTRACTING Co., INC., Defendant.

City Court of New York, Trial Term, New York County, January 21, 1944.

*Julius L. Goldstein* for plaintiff.

*Clarence F. Corner* for defendant.

COLEMAN, J. This is an action under the Fair Labor Standards Act of 1938 (U. S. Code, tit. 29, § 201 *et seq.*). The facts were stipulated, and in view of the position the defendant takes, they can be stated very briefly. The defendant was constructing a military base for the Government in foreign territory. The plaintiff was one of its employees. He assisted in the correlation of the various activities of his employer in transporting men, material and equipment to the base. He did this at the defendant's New York office, working in conjunction with army engineers. The defendant agrees that if the plaintiff were doing similar work while in the employ of a transportation company he would be entitled to the benefits of the statute. It is unnecessary to consider this matter further, as the plaintiff's work undoubtedly is covered by the statute.

The only defense is this: Since the defendant had contracted to construct the base on a cost-plus basis, the burden of paying additional compensation would fall upon the Government; the plaintiff is in effect then an employee of the Government and Government employees are not protected by the statute against overtime. But without considering the validity of the assumption that the Government would ultimately be called on to pay overtime compensation this defense overargues the point. Despite the nature of the work done by the defendant and despite the very close supervision over its activities by the Government, including approval by Government officers of the defendant's employees as a prerequisite of their employment, the relationship of employer and employee subsisted, and the defendant is answerable for the normal consequences of that relationship. The added fact that the contract was upon a cost-plus basis cannot affect the situation. (Cf. *Alabama* v. *King & Boozer*, 314 U. S. 1, 14.) In *United States* v. *Driscoll* (96 U. S. 421) an employee of a Government contractor on a cost-plus basis, where the work was being carried on under the supervision of Government officers, was

denied overtime compensation in a suit against the Government over his contention that his employer was an agent of the Government and that he was therefore its employee. Whatever the arrangement was between the Government and the contractor, the court said, the employee had nothing to do with it. The relationship remained one of employer and employee.

The stipulation also extends to the amount of overtime and to the rate of pay. Under that stipulation, the plaintiff is entitled to $855 for overtime; this amount to be doubled, of course. In addition, there will be allowance for attorney's fees of $350.